# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ATHENA E. TIMMS,

              **Plaintiff,**

      v.                                                Case No. 16-CV-1056

AMAZON, INC.,

              **Defendant.**

## DECISION AND ORDER

Plaintiff Athena E. Timms worked for AMAZON.COM.DEDC, LLC, (Amazon) (whom she identified in her complaint as Amazon, Inc.) as a stower at Amazon's Kenosha, Wisconsin fulfillment center. Amazon terminated her employment in May 2016. (ECF No. 1 at 4.) On August 10, 2016, Timms, representing herself, filed a complaint in this court alleging that Amazon discriminated against her because of her age and race. (ECF No. 1.)

On June 15, 2017, Amazon moved for summary judgment. (ECF No. 24.) In doing so Amazon complied with this court's local rule requiring a party moving for summary judgment against a pro se litigant to provide the pro se litigant with the federal and local rules and procedures related to summary judgment motions. (ECF No. 24 at 2-9.)

Amazon mailed its motion and supporting documents to Timms by way of first class and certified mail. (ECF No. 15.)

Timms failed to respond to the motion within the 30 days permitted under Civil Local Rule 56(b)(2). On July 26, 2017, Amazon filed a reply in support of its motion for summary judgment, noting Timms's lack of a response and asking that the court grant its motion as unopposed. (ECF No. 30.) Amazon sent its reply to Timms via first class and certified mail. (ECF No. 30-1.)

On July 31, 2017, the court received a letter from Timms in which she states that she "did not receive any letters in May or June to let me know that I was to send Amazon.com's Attorney(s) a last response of final statement of a motion for summary judgment." (ECF No. 31 at 1.) She further states that she and Amazon's attorneys had previously agreed that the attorneys would send her a letter to remind her of deadlines at least two weeks in advance. (ECF No. 31 at 2.) Timms asks that the court "excuse me of this motion of the last summary of judgment statements of my case against Amazon.com because I did not know that I was suppose to turn in a motion summary of judgment statement by June 15, 2017." (ECF No. 31 at 3.) Timms's makes additional assertions regarding her case in her letter. Because Timms does not ask the court to give her more time, nor is there any hint that she intends to submit anything further, the court understands that Timms intends her letter to be her untimely response to Amazon's motion for summary judgment.

In response to Timms's letter Amazon states that the only agreement it ever had with Timms was to handle filing the parties' joint Rule 26(f) report. It never agreed to give her advance notice or "reminders" of any deadlines beyond that which the rules require. (ECF No. 32 at 1.) To the extent Timms requests that the court accept her letter as her response to the summary judgment motion, Amazon does not object.

The court recognizes and appreciates the difficulties that non-attorneys have in representing themselves in federal court. It is precisely for this reason that the court has a local rule requiring that, when a party moves for summary judgment, it must provide any unrepresented party with a copy of the rules regarding summary judgment. Amazon complied with this local rule and provided Timms with this information, informing her of her obligation to respond. The court is forgiving of the missteps that might befall a person unfamiliar with the law trying to prosecute a case in federal court. But even non-lawyers are required to comply with certain minimum rules, which include meeting deadlines of the court. *See Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced.").

Amazon went beyond what the rules require and sent Timms the documents by first class and certified mail; standard, first class mail alone would have been sufficient. *See* Fed. R. Civ. P. 5(b)(2)(C). Even though Timms has not established that her failure to submit a timely response to the summary judgment motion was the result of excusable neglect, *see* Fed. R. Civ. P. 6(1)(b), because Amazon does not object to the court's

3

consideration of her letter as a belated response to the summary judgment motion, the court will consider it as such.

However, Timms never responded to Amazon's proposed findings of fact. Amazon's motion informed Timms that the failure to address another party's assertion of fact may result in the court considering the fact undisputed for purposes of the motion. (ECF No. 24 at 6 (quoting Fed. R. Civ. P. 56(e).) The court has reviewed the uncontroverted facts presented by Amazon (ECF No. 26) and concludes that they establish that Amazon is entitled to summary judgment.

Even ignoring the fact that Timms did not dispute any of Amazon's proposed findings of fact, and considering the entirety of the record for plausible bases to support Timms's claims, the court would still grant Amazon's motion.

The court has thoroughly reviewed the record in this matter, including Timms's deposition (ECF No. 28-1), which the court found to contain Timms's best explanation of the basis for her claim (far better than her complaint or the letter she submitted following Amazon's motion for summary judgment). In her deposition Timms explicitly abandoned her claim of race discrimination (ECF No. 28 at 28, 57), a fact which she confirmed in her letter to the court received on July 31, 2017 (ECF No. 31 at 4). Thus, her only remaining claim is that Amazon discriminated against her due to her age.

There is no direct evidence of discrimination (*e.g.*, Timms does not assert that her supervisor told her, "We have to let you go because you are too old to do your job"). Therefore, the only way Timms could prevail on her age discrimination claim is through the indirect method of proof and the burden-shifting framework. *See Simpson v. Franciscan All., Inc.*, 827 F.3d 656, 661 (7th Cir. 2016). "Under the indirect method of proving age discrimination, the plaintiff has the initial burden of producing evidence showing that (1) she is a member of a protected class, (2) she was meeting the defendant's legitimate expectations, (3) she suffered an adverse employment action, and (4) similarly situated employees who were not members of her protected class were treated more favorably." *Id.* If the plaintiff satisfies all four elements she establishes a prima facie case of discrimination, which then shifts the burden to the defendant to "articulate a legitimate, nondiscriminatory reason for the adverse employment action, at which point the burden shifts back to the plaintiff to submit evidence that the employer's explanation is pretextual." *Id.* (quoting *Andrews v. CBOCS W., Inc.*, 743 F.3d 230, 234 (7th Cir. 2014)).

Because she was 47 years old at the time of the termination (ECF No. 28 at 14), Timms was a member of a protected class. *See* 29 U.S.C. § 631(a). And Timms clearly suffered an adverse employment action when Amazon terminated her employment. However, Timms fails to submit evidence of the other two elements of a prima facie case—namely, that she was meeting Amazon's legitimate expectations, and that

similarly situated employees who were not members of her protected class were treated more favorably.

Amazon thoroughly documented Timms's performance problems. (ECF No. 28-8.) Despite this documentation and repeated retraining, Timms insists that her performance was "excellent." (ECF No. 28 at 34, 49.) She contends that all of the complaints that her supervisor received about her performance from other departments, and all the deficiencies in her work recorded in Amazon's systems, were due to problems with the computers she used. (*See, e.g.*, ECF No. 28 at 19, 42-45, 46, 47.) But when pressed to explain how the computer problems she alleged could result in the sort of issues identified in her performance evaluations, she acknowledged she has no explanation. (ECF No. 28 at 45.) In light of the overwhelming evidence that Timms was not performing satisfactorily, her assertion that her performance was "excellent," which is unsupported and in fact contradicted by the record, is not sufficient to create a dispute of material fact. *See Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 504 (7th Cir. 2004). Thus, Timms has failed to show that she was meeting Amazon's legitimate expectations.

Timms also fails to point to any person outside the protected class, *i.e.*, an employee younger than 40, who had consistent performance problems like she did but was not fired. When questioned if she knew of anyone similarly situated but younger, Timms spoke generally of "two women that were in their 30's." (ECF No. 28 at 58.) But

she could not identify them or offer any additional details as to who they were or what performance problems they allegedly had. (ECF No. 28 at 58.) Timms knew only that they were also subject to complaints and were retrained. (ECF No. 28 at 58.) Timms did not know if their problems persisted after retraining like Timms's problems did. These sorts of vague, conclusory allegations are insufficient to establish a prima facie case of discrimination. *See Simpson*, 827 F.3d at 662 (citing *Adams v. Wal-Mart Stores, Inc.*, 324 F.3d 935, 940 (7th Cir. 2003)).

When asked to describe any evidence that she had that she was terminated because of her age, all Timms could say was that she worked with younger workers and they were not evaluated as often as she was. (ECF No. 28 at 50.) However, she offered nothing to suggest that there were complaints about the performance of these younger workers' performance complaints like there were about her performance. "An employee who does not have a similar disciplinary history and performance record as the plaintiff is not similarly situated." *Simpson*, 827 F.3d at 662 (citing *Amrhein v. Health Care Serv. Corp.*, 546 F.3d 854, 860 (7th Cir. 2008)). Therefore, setting aside the fact that there is no evidence that an evaluation is an adverse employment action, there is no evidence that these younger employees were situated similarly to Timms.

Amazon had a legitimate, nondiscriminatory reason for terminating Timms's employment. Her performance was repeatedly documented as deficient. Amazon made repeated efforts to retrain her. But her performance did not improve. Although Timms

might disagree as to whether her performance record was accurate, "the relevant inquiry is whether the stated reason for an adverse employment action is in fact the reason for that action, not whether the action was free of mistake or even fair." *Simpson*, 827 F.3d at 663 (citing *Zayas v. Rockford Mem-l Hosp.*, 740 F.3d 1154, 1158-59 (7th Cir. 2014); *Perez v. Thorntons, Inc.*, 731 F.3d 699, 708 (7th Cir. 2013)).

Therefore, the court concludes that Amazon is entitled to summary judgment on two separate bases. First, Timms failed to dispute Amazon's proposed findings of fact, which are deemed admitted and establish that Amazon is entitled to summary judgment. Second, the record shows that Timms has no evidence that she was meeting Amazon's legitimate expectations or that similarly situated younger persons were treated more favorably.

**IT IS THEREFORE ORDERED** that Amazon's motion for summary judgment (ECF No. 24) is **granted**. The Clerk shall enter judgment accordingly. The court further certifies under 28 U.S.C. § 1915(a)(3) that any appeal of this action by Timms would not be in good faith and therefore any appeal may not be taken in forma pauperis.

Dated at Milwaukee, Wisconsin this 8th day of August, 2017.

WILLIAM E. DUFFIN
U.S. Magistrate Judge